# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**WAUKESHA FLORAL & GREENHOUSES, INC.,**
**(d/b/a Waukesha Floral and Waukesha Floral & Greenhouse),**

    Plaintiff,

    v.                                                Case No. 15-CV-1365

**JAMES POSSI and YOUR FLORIST LLC,**

    Defendants.

## DECISION AND ORDER ON PLAINTIFF'S
## MOTION TO REMAND EIGHTH CLAIM FOR RELIEF

On November 3, 2015, Waukesha Floral & Greenhouses, Inc. filed a complaint against James Possi and Your Florist LLC in Waukesha County Circuit Court. (Docket # 1-1.) Waukesha Floral raised eight claims for relief, including an alleged violation of a 2000 stipulation and order for dismissal between Waukesha Floral and Possi. (*Id.* at 14.) The defendants subsequently removed the case to federal court pursuant to 28 U.S.C. §§ 1441(c) and 1446. (Docket # 1.)

Currently before me is Waukesha Floral's expedited non-dispositive motion to sever and remand its eighth claim for relief back to Waukesha County Circuit Court. (Docket # 16.) While Waukesha Floral acknowledges that its Lanham Act claims provide this Court with original jurisdiction, it argues that this Court does not have original or supplemental jurisdiction over cause eight because the stipulation at issue contains an order reserving jurisdiction to enforce the stipulation to the Waukesha County Circuit Court. (Docket # 16 at 2, Docket # 1-1 at 61.) Waukesha Floral further argues that cause eight should be remanded because the defendants refused to waive the provision at issue and raised this Court's lack of jurisdiction to enforce the stipulation

as an affirmative defense. (Docket # 16 at 2, Docket # 14 at 8-9.) The defendants oppose the motion, arguing that 28 U.S.C. § 1367 provides only four instances where a federal court may decline to exercise supplemental jurisdiction and this situation falls under none of them. The defendants further argue the judicial economy supports this Court retaining jurisdiction over cause eight. (Docket # 18.) I requested additional briefing on the motion and both parties filed supplemental materials.

In its supplemental brief, Waukesha Floral argues that the issue is not whether this Court has supplemental jurisdiction over cause eight, but whether this Court must enforce a valid forum selection clause entered into between the parties. (Docket # 21.) The defendants argue the stipulation does not contain a forum selection clause granting exclusive jurisdiction to Waukesha County, thus this Court is not precluded from exercising supplemental jurisdiction. (Docket # 24.)

I then requested oral argument on Waukesha Floral's motion and asked the parties to address whether the fact that this case involves not just a stipulation, but an order retaining jurisdiction, changed the parties' analysis of the issue. I drew the parties' attention to *Omnicell, Inc. v. Medacist Solutions Group, LLC*, 272 F.R.D. 469 (N.D. Cal. 2011) and *Flanagan v. Arnaiz*, 143 F.3d 540 (9th Cir. 1998). (Docket # 30.)

After considering all of the parties' submissions and arguments, I will deny Waukesha Floral's motion to remand. I agree with Waukesha Floral that the issue is not whether this Court has supplemental jurisdiction over cause eight—it does. Federal supplemental jurisdiction "allows federal courts to decide state-law claims that are outside the federal diversity jurisdiction if they are so closely related to the plaintiff's federal-law claims as to be in effect part of the same case." *Williams Elecs. Games, Inc. v. Garrity*, 479 F.3d 904, 906 (7th Cir. 2007). Even if, as Waukesha Floral argues, it is challenging seven different tradenames in this lawsuit and only four of them are

implicated in cause eight, cause eight is so closely related to Waukesha Floral's federal law claims as to be "in effect part of the same case." *See id.* Rather, the issue is whether this Court should remand cause eight to state court in order to enforce a valid forum selection clause. *See, e.g.*, *Cruthis v. Metropolitan Life Insurance Co.*, 356 F.3d 816, 818 n. 1 (7th Cir.2004) (comparing an appellate's court ability to review a remand "that is based on the interpretation of a forum selection clause" to a remand based on absence of jurisdiction); *Rothner v. Chicago*, 879 F.2d 1402, 1416 (7th Cir.1989) (noting district courts' power to remand to enforce forum selection clauses).

The first step is to determine whether the 2000 stipulation and order for dismissal contains a forum selection clause. The defendants argue that the stipulation does not contain a true forum selection clause. Rather, they argue the stipulation merely contains a jurisdictional statement. (Docket # 24 at 4.) I do not agree that the stipulation does not contain a forum selection clause. The relevant language is as follows:

> The parties agree that the Circuit Court for Waukesha County will retain jurisdiction over this matter to enforce the terms of this Stipulation.

(Docket # 1-1 at 60.) The stipulation is followed by an order signed by Waukesha County Circuit Court Judge Donald Hassin that states "IT IS HEREBY ORDERED that the above-entitled matter is dismissed, and that this court will retain jurisdiction to enforce the terms of the above Stipulation." (*Id.* at 61.) The Seventh Circuit has found similar provisions containing jurisdictional language, but lacking the word "venue" or "forum" to be a forum selection clause. *See Frietsch v. Refco, Inc.*, 56 F.3d 825 (7th Cir.1995) (finding contractual language that stated the "place of jurisdiction . . . is the registered office of the trustee, to the extent permissible under the law" to be a mandatory forum selection clause). Thus, I find the provision of the parties' stipulation is a forum selection clause.

- 3 -

The next step, however, is to determine whether the forum selection clause is permissive or mandatory. In *Paper Exp., Ltd. v. Pfankuch Maschinen GmbH*, 972 F.2d 753, 757 (7th Cir. 1992) the court stated as follows: "The law is clear: where venue is specified with mandatory or obligatory language, the clause will be enforced; where only jurisdiction is specified, the clause will generally not be enforced unless there is some further language indicating the parties' intent to make venue exclusive." It is clear that the provision at issues contains only jurisdictional language, and there is no further language indicating the parties' intent to make venue exclusive. Thus, I find that the forum selection clause is permissive.

The agreement at issue in this case, however, is distinct from *Paper Express*. The jurisdictional language appears not only in the parties' stipulation but also in the court's order. (Docket # 1-1 at 61.) In *Flanagan*, the parties signed a settlement agreement that included an order in which the federal district court expressly retained jurisdiction to resolve disputes arising under the settlement agreement. 143 F.3d at 542-43. The plaintiff subsequently sued the defendants in state court for breaching the settlement agreement. *Id.* at 543. In finding that the settlement agreement and order gave exclusive jurisdiction to the federal district court, the Ninth Circuit considered the fact that the forum selection clause was found in the judicial order. *Id.* at 545. The *Flanagan* court found that because a court order exercises judicial authority, while a forum selection clause in a private contract does not, this implies that retention of jurisdiction was meant to be exclusive. *Id.* The *Flanagan* court further reasoned that it "would make no sense for the district court to retain jurisdiction to interpret and apply its own judgment to the future conduct contemplated by the judgment, yet have a state court construing what the federal court meant in the judgment. Such an arrangement would

- 4 -

potentially frustrate the federal district court's purpose . . . . It would also impose an uncomfortable burden on the state judge, to determine what the federal judge meant." *Id.*

In *Omnicell*, the district court for the Northern District of California faced a similar situation. The *Omnicell* court found that when a court expressly retains jurisdiction to enforce a settlement agreement, the retention of jurisdiction operates as an exclusive forum selection clause requiring disputes under the settlement agreement to be brought in that court. 272 F.R.D. at 476-77. Relying on the Ninth Circuit's decision in *Flanagan*, the court stated as follows:

> *Flanagan* clearly and directly states that retention of jurisdiction should be treated differently from a private forum selection clause: "a court order exercises judicial authority, while a forum selection clause in a private contract does not. The context of the retention of jurisdiction, a provision for future enforcement of a settlement order, implies that the retention was meant to be exclusive." *Flanagan*, 143 F.3d at 545. Given this strong and clear language, the Court is reluctant to find the jurisdiction retention provision to be non-exclusive without some specific words or context indicating that retention was not intended to be exclusive.

*Id.* at 476. While the Ninth Circuit's distinction between forum selection clauses found in private contracts from those found in judicial orders has some merit, I do not find the court's reasoning persuasive. The *Flanagan* court relies on two principles in making the distinction: first, the very nature of a court order, which exercises judicial authority, implies that retention of jurisdiction was meant to be exclusive and second, it is easier for the court who entered the order to interpret the order. While the second argument is slightly more persuasive, in this case, given how long ago the settlement agreement was signed, it will be no easier for a judge in Waukesha County (who is a different judge than the one who signed the order)[1] to interpret the agreement than for this Court to interpret the agreement.

---

[1] At the time of removal, this case was before Judge Kathryn W. Foster. (Docket # 2 at 2.) The judge who signed the Stipulation and Order of Dismissal was Judge Donald J. Hassin, Jr. (Docket 1-1 at 61.)

Thus, given the lack of Seventh Circuit authority distinguishing between forum selection clauses in private contracts and in judicial orders, given the fact the forum selection clause in this case is permissive, and given the fact it will serve judicial economy to keep all related claims before a single court, I will deny Waukesha Floral's motion to remand cause eight.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Waukesha Floral's Motion to Remand Plaintiff's Eight Claim for Relief to State Court (Docket # 16) is **DENIED**.

Dated at Milwaukee, Wisconsin this 8th day of March, 2016.

BY THE COURT

s/*Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge