# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**WAUKESHA FLORAL & GREENHOUSES, INC.,**
**(d/b/a Waukesha Floral and Waukesha Floral & Greenhouse),**

    **Plaintiff,**

    **v.**                           **Case No. 15-CV-1365**

**JAMES POSSI and YOUR FLORIST LLC,**

    **Defendants.**

---

## DECISION AND ORDER ON PLAINTIFF'S
## MOTION FOR A PRELIMINARY INJUNCTION

---

On November 3, 2015, Waukesha Floral & Greenhouses, Inc. filed a complaint against James Possi and Your Florist LLC in Waukesha County Circuit Court. (Docket # 1-1.) Waukesha Floral raises eight claims for relief, including violations of the Lanham Act, 15 U.S.C. § 1051, *et seq.*, common law trademark violation, tradename infringement, unfair competition, violation of Wis. Stat. § 100.18, and violation of a 2000 stipulation and order for dismissal between Waukesha Floral and Possi. (*Id.*) The defendants subsequently removed the case to federal court pursuant to 28 U.S.C. §§ 1441(c) and 1446. (Docket # 1.)

Currently before me is Waukesha Floral's motion for a preliminary injunction. (Docket # 26.) Waukesha Floral argues that the defendants are violating its trademark "Waukesha Floral" and tradename "Waukesha Floral & Greenhouse" and requests a preliminary injunction ordering the defendants to cease using any name substantially similar to its trademark and tradename. Waukesha Floral also requests an order either assigning or disconnecting telephone numbers associated with

the defendants that are allegedly causing confusion. For the reasons stated below, Waukesha Floral's motion for a preliminary injunction is granted.

## BACKGROUND

Waukesha Floral alleges that it has engaged in the retail florist business in the Waukesha, Wisconsin area since 1901. (Compl. ¶ 4, Docket # 1-1.) Waukesha Floral operates under the names "Waukesha Floral" and "Waukesha Floral & Greenhouse." (*Id.* ¶ 1.) The trademark "Waukesha Floral" was registered with the United States Patent and Trademark Office on October 10, 2000 and renewed in 2010. (*Id.* ¶ 28, Exh. K.) Waukesha Floral alleges that the defendants are using the following seven names, in violation of its trademark and tradenames: Waukesha Flower And Greenhouse, Waukesha Flower and Greenhouse, Waukesha Flower & Greenhouse, Waukesha Florals, Waukesha Florists, Florist in Waukesha WI, and Florist in Waukesha Wisconsin. (*Id.* ¶¶ 14, 19, 22.) Waukesha Floral further alleges that the parties were engaged in a previous lawsuit in 2000. (*Id.* ¶ 29.) "At the heart" of that lawsuit was the defendants' use of the name "Waukesha Florist & Greenhouse" and "Waukesha Florist." (*Id.* ¶ 31.) The parties reached a stipulation and order for dismissal in August 2000 regarding the use of those terms. (*Id.*) Waukesha Floral alleges that the defendants violated this stipulation and order for dismissal. (*Id.* ¶¶ 61-65.)

## ANALYSIS

*1.     Preliminary Injunction Standard*

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (citations omitted) (emphasis in original). Granting a preliminary injunction involves the "exercise of a very far-reaching power" and is "never to be indulged in except

- 2 -

in a case clearly demanding it." *Roland Mach. Co. v. Dresser Indus. Inc.*, 749 F.2d 380, 389 (7th Cir. 1984) (citations omitted).

To justify a preliminary injunction, Waukesha Floral must first make a threshold showing that it has a reasonable likelihood of success on the merits, no adequate remedy at law exists, and it will suffer irreparable harm if a preliminary injunction is denied. *Ezell v. City of Chicago*, 651 F.3d 684, 694 (7th Cir. 2011). If Waukesha Floral makes this preliminary showing, I will then consider whether the irreparable harm Waukesha Floral will suffer without injunctive relief is greater than the harm the defendants will suffer if the preliminary injunction is granted, and whether a preliminary injunction will harm the public interest. *Starsurgical, Inc. v. Aperta, LLC*, 832 F. Supp. 2d 1000, 1002 (E.D. Wis. 2011). However, if Waukesha Floral does not establish a likelihood of success on the merits or that it will suffer irreparable harm if the injunction is not granted, "then the district court's analysis ends and the preliminary injunction should not be issued." *Adams v. City of Chicago*, 135 F.3d 1150, 1154 (7th Cir. 1998) (citation omitted).

Waukesha Floral can establish that it is likely to succeed on the merits by showing that its chances of prevailing are better than negligible. *Omega Satellite Prods. v. City of Indianapolis*, 694 F.2d 119, 123 (7th Cir.1982); *see also Brunswick Corp. v. Jones*, 784 F.2d 271, 275 (7th Cir. 1986) (citation omitted) ("Although the plaintiff must demonstrate some probability of success on the merits, 'the threshold is low. It is enough that the plaintiff's chances are better than negligible . . . .'"). A district court may grant a preliminary injunction based on less formal procedures and on less extensive evidence than a trial on the merits. *Dexia Credit Local v. Rogan*, 602 F.3d 879, 885 (7th Cir. 2010); *see also Ty, Inc. v. GMA Accessories, Inc.*, 132 F.3d 1167, 1171 (7th Cir. 1997) ("Affidavits are ordinarily

- 3 -

inadmissible at trials but they are fully admissible in summary proceedings, including preliminary-injunction proceedings.").

2.  *Likelihood of Success on the Merits*

The defendants argue that Waukesha Floral is not entitled to a preliminary injunction for two reasons. First, the equitable doctrine of laches bars Waukesha Floral's claims. In other words, Waukesha Floral cannot show a likelihood of success on the merits because it cannot show that it can overcome the defendants' affirmative defense of laches. *See AM Gen. Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 822 (7th Cir. 2002). Second, the defendants argue that even if laches does not preclude Waukesha Floral's claims, Waukesha Floral has failed to show that it will suffer irreparable harm.

2.1  Trademark and Tradename Infringement

As an initial matter, the defendants do not argue the merits of whether Waukesha Floral has shown a likelihood of success in establishing trademark and tradename infringement. Rather, they rest on their argument that laches bars all of the plaintiff's claims. However, considering the merits of Waukesha Floral's infringement claims, I find that Waukesha Floral's chances of prevailing on these claims are better than negligible. Waukesha Floral seeks injunctive relief against the defendants' use of the names "Waukesha Florals," "Waukesha Florists," "Florist in Waukesha WI," and "Florist in Waukesha Wisconsin" under the Lanham Act for infringement of its registered trademark "Waukesha Floral." It seeks injunctive relief against the defendants' use of the names "Waukesha Flower And Greenhouse," "Waukesha Flower and Greenhouse," and "Waukesha Flower & Greenhouse," based on common law unfair competition and tradename infringement of its tradename "Waukesha Floral & Greenhouse."

- 4 -

To demonstrate a likelihood of success on its registered trademark infringement claims, Waukesha Floral must establish that it owns a protectable trademark and a "likelihood of confusion" exists between the marks or products of the parties. *Meridian Mut. Ins. Co. v. Meridian Ins. Group*, 128 F.3d 1111, 1115 (7th Cir.1997). Similarly, for its common law tradename infringement claim, Waukesha Floral must show that its designation meets the definition of tradename and that the defendants' use of a similar designation is likely to cause confusion. *Madison Reprographics, Inc. v. Cook's Reprographics, Inc.*, 203 Wis. 2d 226, 234, 552 N.W.2d 440, 444-45 (Ct. App. 1996). The factors for showing likelihood of confusion under the Lanham Act are virtually identical to the factors under the common law. *AutoZone, Inc. v. Strick*, 543 F.3d 923, 929 (7th Cir.2008) (Lanham Act); *Madison Reprographics, Inc.*, 203 Wis. 2d at 236-37, 552 N.W.2d at 446 (common law tradename infringement).

The defendants do not dispute that Waukesha Floral owns a protectable trademark in the name "Waukesha Floral" (Compl., Exh. K), nor do they dispute that "Waukesha Floral & Greenhouse" meets the definition of a tradename. Thus, I must assess the likelihood of confusion. In assessing the likelihood of consumer confusion, I consider seven factors: (1) the similarity between the marks in appearance and suggestion; (2) the similarity of the products; (3) the area and manner of concurrent use; (4) the degree and care likely to be exercised by consumers; (5) the strength of the plaintiff's mark; (6) any actual confusion; and (7) the intent of the defendant to "palm off" his product as that of another. *AutoZone, Inc.*, 543 F.3d at 929. Although no single factor is conclusive, the similarity of the marks, the defendant's intent, and actual confusion are particularly important. *Id.*

- 5 -

The first three factors weigh heavily in Waukesha Floral's favor. When attempting to determine if two marks are similar, the comparison should be made "in light of what happens in the marketplace, [and] not merely by looking at the two marks side-by-side." *Ty, Inc. v. Jones Grp., Inc.*, 237 F.3d 891, 898 (7th Cir. 2001) (internal quotation and citation omitted). Here, there are only minor variations between the defendants' allegedly infringing names and Waukesha Floral's trademark "Waukesha Floral" and tradename "Waukesha Floral & Greenhouse." For example, the defendants use the name "Waukesha Florals," which is simply the plaintiff's trademark "Waukesha Floral" with an "s" added to the end of "Floral." The defendants also use the name "Waukesha Flower & Greenhouse," which is simply the plaintiff's tradename "Waukesha Floral & Greenhouse" with "Flower" used in place of "Floral." This is not a case of marks that while similar, have a distinct appearance and placement of words such that a consumer would not associate one product with the other. *See Packman v. Chicago Tribune Co.*, 267 F.3d 628, 643 (7th Cir. 2001). Rather, these names are appearing next to each other in the phone book, and thus look identical in typeface and placement, the only difference being the minor variation in the words used. (Compl., Exhs. F, G.) As to the second and third factors, the parties are both competing in the retail florist market in the same geographical distribution area of Waukesha, Wisconsin.

Regarding the degree of care consumers would likely exercise in purchasing flowers, the record contains no evidence on the degree of care customers might exercise in purchasing the product at issue; thus, I will not put any weight on this factor. However, the remaining three factors do weigh in Waukesha Floral's favor. The stronger the trademark, the greater protection received from the courts. *Nike, Inc. v. Just Did It Enterprises*, 6 F.3d 1225, 1231 (7th Cir. 1993). The law recognizes five categories of trademarks, in ascending order of distinctiveness: generic, descriptive,

suggestive, arbitrary, and fanciful. *Packman*, 267 F.3d at 638. Once a mark is registered, the Lanham Act affords a plaintiff one of two presumptions: (1) that its registered trademark is not merely descriptive or generic; or (2) that if descriptive, the mark is accorded secondary meaning. *Id.* Waukesha Floral argues that it has been operating in the retail florist business since 1901 and its trademark has been protected for 15 years; thus, its mark is entitled to protection. The defendants make no attempt to overcome this presumption with evidence that the mark is merely generic or descriptive, or that it lacks secondary meaning.

Further, Waukesha Floral has presented some evidence of actual customer confusion. Amy Gaylord, a long-term employee of Waukesha Floral, averred that in the past 15 years she has received between 20 to 30 calls asking for "James Possi" and in the past few years has received numerous phone calls asking for "Waukesha Flower and Greenhouse" and "Waukesha Florists." (Affidavit of Amy Gaylord ("Gaylord Aff.") ¶¶ 3-4, Docket # 28.) Although the defendants argue that this evidence is insufficient because it comes from an employee and not an actual customer, I find, at this stage, it is sufficient to show at least some actual consumer confusion. The defendants also argue that Gaylord's receipt of telephone calls asking for Possi and his business is not surprising because Possi surrendered his original business phone number to Waukesha Floral as part of the 2000 stipulation. (Defs.' Resp. Br. at 9-10, Docket # 25; Declaration of James Possi ("Possi Decl.") ¶ 5, Docket # 25-1.) However, it appears this telephone number (262-547-5051) was actually surrendered to the plaintiff in 2001 as a result of Possi's violation of the 2000 stipulation for use of the names "Waukesha Floral and Greenhouse" and "Waukesha Florist and Greenhouse." (Docket # 33-2, Docket # 33-3.) Thus, even with the surrender of the phone number associated with the two names at issue in 2001, it does not explain why customers called the plaintiff asking for "Waukesha

- 7 -

Flower and Greenhouse" or "Waukesha Florists," which have different telephone numbers than the surrendered number associated with them. (Compl., Exh. G.)

Although it is difficult at this early stage to determine the defendants' intent to "palm off" its product as that of another, I find that this factor weighs at least slightly in favor of Waukesha Floral. The parties are not unknown to each other—they have already litigated and settled a trademark infringement case that the defendant Possi was subsequently found to have breached. (Docket # 33.) I also find that the substantial similarity between the tradenames used by the defendants to the plaintiff's trademark and the placement of the names directly under Waukesha Floral's name in the phonebook shows some evidence of the defendants' intent to "palm off" its product as Waukesha Floral's.

Thus, assessing these seven factors, I find that Waukesha Floral's chances of showing a likelihood of confusion are better than negligible and thus has shown a likelihood of success on the merits of its Lanham Act and tradename infringement claims.

### 2.2    Laches Defense

The defendants argue that the equitable doctrine of laches precludes injunctive relief under any theory advanced by Waukesha Floral. "The equitable doctrine of laches is derived from the maxim that those who sleep on their rights, lose them." *Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813, 820 (7th Cir. 1999). For laches to apply in a trademark infringement case, the defendant must show that the plaintiff had knowledge of the defendant's use of an allegedly infringing mark, that the plaintiff inexcusably delayed in taking action with respect to the defendant's use, and that the defendant would be prejudiced by allowing the plaintiff to assert its rights at this time. *Chattanoga Mfg., Inc. v. Nike, Inc.*, 301 F.3d 789, 792-93 (7th Cir. 2002).

- 8 -

As to the first part of the analysis, Waukesha Floral must have actual or constructive notice of the defendants' activities. *See id.* at 793. With regard to constructive notice, "'[T]he law is well settled that where the question of laches is in issue the plaintiff is chargeable with such knowledge as he may have obtained upon inquiry, provided the facts already known by him were such as to put upon a man of ordinary intelligence the duty of inquiry.'" *Id.* (quoting *Johnston v. Standard Mining Co.*, 148 U.S. 360, 370 (1893)). A trademark owner is "chargeable with information it might have received had due inquiry been made." *Id.* (internal quotation and citation omitted).

The defendants argue that Waukesha Floral had actual knowledge of the defendants' alleged infringement in 2000 when it filed a trademark infringement lawsuit, and again in 2003 when Waukesha Floral sent the defendants a cease and desist letter regarding conduct the plaintiff believed violated the 2000 stipulation and order. (Defs.' Resp. Br. at 6.) I disagree that this shows actual knowledge of the defendants' alleged infringement with regard to the business names at issue in this lawsuit. The 2000 lawsuit involved the defendants' use of the terms "Waukesha Florist" and "Waukesha Florist & Greenhouse." (Compl., Exh. M.) The 2003 cease and desist letter challenged the defendants' use of the names "Waukesha Wisconsin The Best Florist" and "Best Florist in Waukesha Wisconsin." (Fernholz Decl. ¶ 1, Exh. A.) Although very similar to the allegedly infringing names the defendants are now using, this did not give Waukesha Floral actual knowledge of the defendants' allegedly infringing use of the seven names now at issue. Further, the defendants incorrectly allege that Waukesha Floral never responded to their July 2003 letter. On the contrary, the record shows that on July 29, 2003, Waukesha Floral's counsel responded to Possi's counsel's letter, stating his belief that Possi had not acted in good faith. (Fernholz Decl. ¶ 2, Exh. B). The record further shows Possi's counsel's response that "I believe that with proper advisement, Mr.

- 9 -

Possi is now and will continue to properly compete with Waukesha Floral & Greenhouses, Inc. in the marketplace." (Fernholz Decl. ¶ 3, Exh. C.)

The defendants also argue that they have been using the seven business names at issue for the past ten years in various local phone books; thus, Waukesha Floral had constructive knowledge of the alleged infringement. Waukesha Floral argues that the defendants do not establish when they started using any of the seven names in question. Defendant Possi avers that he has been advertising under the names in question (among others) for at least ten years in various local phone books. (Possi Decl. ¶ 6.) Waukesha Floral argues that Possi's declaration is insufficient to establish laches. Although a court may grant a preliminary injunction based on less formal procedures and on less extensive evidence than a trial on the merits, for example, the court may rely on hearsay affidavits, *see Goodman v. Ill. Dept. Of Financial and Professional Regulation*, 430 F.3d 432, 439 (7th Cir. 2005), I agree that Possi's declaration—which gives no specific information as to when he began using each specific name in question and what "local phone books" he was advertising in—is insufficient to establish when he began using each of the seven business names. Further, a review of the Wisconsin Department of Financial Institutions website,[1] contradicts Possi's declaration. For example, Possi sought registration of the name "Waukesha Flower and Greenhouse" in November 2015.[2] On this form, Possi certified that this was a first time registration and the date of first use was November 5, 2015. Similarly, Possi certified that the date of first use of "Waukesha Florists" was May 2009[3] and

---

[1]    I take judicial notice of the information found on the Wisconsin Department of Financial Institutions website. *See* Fed. R. Evid. 201.

[2]    https://www.wdfi.org/apps/TrademarkSearch/Search.aspx?_Mark=Waukesha+Flower+and+Greenhouse (last visited Mar. 8, 2016).

[3]    https://www.wdfi.org/apps/TrademarkSearch/Search.aspx?_Mark=Waukesha+Florists (last visited Mar. 8, 2016).

- 10 -

"Waukesha Florals" was October 2010.[4] Possi certified he first used "Florist in Waukesha Wisconsin" in December 2008.[5] I do not find that the defendants have shown a likelihood of success in proving that Waukesha Floral had actual or constructive knowledge of the defendants' allegedly infringing activities. Thus, the defendants have not shown a likelihood of success on the merits of proving their laches defense.

### 3.  No Adequate Remedy at Law and Irreparable Harm

The defendants argue that Waukesha Floral cannot show irreparable harm. Specifically, the defendants argue the plaintiff has failed to provide evidence of actual consumer confusion. However, Waukesha Floral need not show actual customer confusion to establish irreparable harm. Even if Waukesha Floral fails to demonstrate a business loss, the law presumes that injuries arising from trademark infringement are irreparable. *Abbott Laboratories v. Mead Johnson & Co.*, 971 F.2d 6, 16 (7th Cir. 1992). The presumption is founded upon the judgment that "it is virtually impossible to ascertain the precise economic consequences of intangible harms, such as damage to reputation and loss of goodwill, caused by such violations." *Id.* In this case, Waukesha Floral and the defendants use virtually identical names for the same products. They are competing for the same customers in the Waukesha area. Given the presumption of irreparable harm, I find Waukesha Floral has shown no adequate remedy at law exists and that it will suffer irreparable harm if a preliminary injunction is denied.

---

[4]     https://www.wdfi.org/apps/TrademarkSearch/Search.aspx?_Mark=Waukesha+Florals (last visited Mar. 8, 2016).

[5]     https://www.wdfi.org/apps/TrademarkSearch/Search.aspx?_Mark=Florist+in+Waukesha+WI (last visited Mar. 8, 2016).

4.    *Balancing of Harms*

Because Waukesha Floral has made the requisite preliminary showing, I turn now to whether the irreparable harm Waukesha Floral will suffer without injunctive relief is greater than the harm the defendants will suffer if the preliminary injunction is granted. I must also take into consideration the public interest. I have already found that Waukesha Floral has demonstrated a likelihood of success on its infringement claims. If I were to deny the preliminary injunction and Waukesha Floral later prevailed on its claims, the defendants would irreparably harm Waukesha Floral in the interim by using its names to attract and confuse Waukesha Floral's customers. *See Starsurgical, Inc.* 832 F. Supp. 2d at 1005. While the defendants argue they will be harmed by a preliminary injunction because Possi has invested time and money into developing his business under the seven names at issue for more than ten years (Possi Decl. ¶ 9), as previously discussed, the evidence shows that Possi has not been using the seven names at issue for more than ten years. Further, while Possi avers that if a preliminary injunction is granted, "it will destroy [his] business that [he] [has] worked hard to build since 1983." (*Id.* ¶ 14), he fails to explain how granting an injunction against use of the seven names at issue will "destroy" his business when, as Waukesha Floral points out, Possi has registered 285 names with the Wisconsin Department of Financial Institutions (Fernholz Decl. ¶ 4, Exh. D). As to the public interest, an injunction would serve the public interest by preventing consumer confusion in the marketplace. *Promatek Indus., Ltd. v. Equitrac Corp.*, 300 F.3d 808, 814 (7th Cir. 2002). This is especially so given the striking similarity between the names used, the similarity of the products, and the fact both parties operate in Waukesha. Based on these considerations, I conclude that the harm Waukesha Floral would suffer if I denied the injunction outweighs the harm the

- 12 -

defendants would suffer if I granted it. I also conclude that the public interest favors granting the injunction.

  5. *Scope of Relief*

  Injunctions are based in equity and thus courts must remain flexible in weighing the appropriate relief. *Abbott*, 971 F.2d at 17-18. The scope of injunctive relief must not exceed the extent of the plaintiff's protectable rights. *Starsurgical, Inc.*, 832 F. Supp. 2d at 1006 (citing *Int'l Kennel Club of Chicago, Inc. v. Mighty Star, Inc.*, 846 F.2d 1079, 1094 (7th Cir. 1988)). Waukesha Floral asks that the defendants be enjoined from further use of the names Waukesha Flower And Greenhouse, Waukesha Flower and Greenhouse, Waukesha Flower & Greenhouse, Waukesha Florals, Waukesha Florists, Florist in Waukesha WI, and Florist in Waukesha Wisconsin, or any name substantially similar to "Waukesha Floral" or "Waukesha Floral & Greenhouse." (Mot. for Temp. Inj., Docket # 26.) It further asks that the defendants remove the seven names from any future Yellow Book, Yellow Pages, or any similar phone book, or any other form of advertising including but not limited to the internet and social media. (*Id.*.) Finally, Waukesha Floral moves for the assignment or disconnection of the telephone numbers 262-521-2205, 262-522-3223, 262-549-0120, 262-522-0212, 262-574-1541, and 262-255-1514, which are associated with the seven names in question. (*Id.*)

  I will grant Waukesha Floral's request and enjoin the defendants from further use of the names Waukesha Flower And Greenhouse, Waukesha Flower and Greenhouse, Waukesha Flower & Greenhouse, Waukesha Florals, Waukesha Florists, Florist in Waukesha WI, and Florist in Waukesha Wisconsin, or any name substantially similar to "Waukesha Floral" or "Waukesha Floral & Greenhouse." The defendants must remove the seven names from any future Yellow Book,

Yellow Pages, or any similar phone book, or any other form of advertising including but not limited to the internet and social media. Because of the potential cost involved with assigning the telephone numbers in question, at this stage of the proceedings, I will not order the defendants to assign the telephone numbers. However, I will order the defendants to disconnect the telephone numbers 262-521-2205, 262-522-3223, 262-549-0120, 262-522-0212, 262-574-1541, and 262-255-1514, which are associated with the seven names in question.

**ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the plaintiff's motion for a preliminary injunction (Docket # 26) is **GRANTED**.

The defendants are enjoined from further use of the names Waukesha Flower And Greenhouse, Waukesha Flower and Greenhouse, Waukesha Flower & Greenhouse, Waukesha Florals, Waukesha Florists, Florist in Waukesha WI, and Florist in Waukesha Wisconsin, or any name substantially similar to "Waukesha Floral" or "Waukesha Floral & Greenhouse."

The defendants are ordered to remove the seven names from any future Yellow Book, Yellow Pages, or any similar phone book, or any other form of advertising including but not limited to the internet and social media.

Finally, the defendants are ordered to disconnect the telephone numbers 262-521-2205, 262-522-3223, 262-549-0120, 262-522-0212, 262-574-1541, and 262-255-1514, which are associated with the seven names in question.

Dated at Milwaukee, Wisconsin this 8th day of March, 2016.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge