# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**WAUKESHA FLORAL & GREENHOUSES, INC.,**
**(d/b/a Waukesha Floral and Waukesha Floral & Greenhouse),**

    **Plaintiff,**

    v.                                                                   Case No. 15-CV-1365

**JAMES POSSI and YOUR FLORIST LLC,**

    **Defendants.**

## DECISION AND ORDER ON PLAINTIFF'S MOTION FOR CONTEMPT

On March 8, 2016, I granted Waukesha Floral & Greenhouses, Inc.'s motion for a preliminary injunction. (Docket # 39.) The Preliminary Injunction Order states as follows:

> The defendants are enjoined from further use of the names Waukesha Flower And Greenhouse, Waukesha Flower and Greenhouse, Waukesha Flower & Greenhouse, Waukesha Florals, Waukesha Florists, Florist in Waukesha WI, and Florist in Waukesha Wisconsin, or any name substantially similar to "Waukesha Floral" or "Waukesha Floral & Greenhouse."
>
> The defendants are ordered to remove the seven names from any future Yellow Book, Yellow Pages, or any similar phone book, or any other form of advertising including but not limited to the internet and social media.
>
> Finally, the defendants are ordered to disconnect the telephone numbers 262-521-2205, 262-522-3223, 262-549-0120, 262-522-0212, 262-574-1541, and 262-255-1514, which are associated with the seven names in question.

(*Id.* at 14.) On September 2, 2016, Waukesha Floral filed an expedited non-dispositive motion to hold the defendants in contempt of court. (Docket # 63.) Waukesha Floral argues that the defendants are still advertising as "Waukesha Florists" and "Waukesha Florals" on yellowbook.com, and currently maintain active registrations for five of the seven restricted names on the Wisconsin

Department of Financial Institutions ("WDFI") website. The defendants responded that defendant Possi believed that by contacting the telephone company to disconnect the phone numbers listed in the order, he would also be canceling any associated directory listing. (Docket # 68.) The defendants further argue that registering the names with WDFI does not constitute "advertising" under the order and thus his continued registration of the offending names did not violate the injunction. However, Possi has since discontinued his registration of the names. (*Id.* at 3.) A hearing was held on the motion on September 21, 2016.

"A court's civil contempt power rests in its inherent limited authority to enforce compliance with court orders and ensure judicial proceedings are conducted in an orderly manner." *Jones v. Lincoln Elec. Co.*, 188 F.3d 709, 737 (7th Cir. 1999). In order to hold a party in contempt, the court "must be able to point to a decree from the court which 'set[s] forth in specific detail an unequivocal command' which the party in contempt violated." *Ferrell v. Pierce*, 785 F.2d 1372, 1378 (7th Cir. 1986) (quoting *H.K. Porter Co. v. National Friction Products*, 568 F.2d 24, 27 (7th Cir. 1977)). Unlike criminal contempt, in civil contempt the proof need only be clear and convincing. *United States v. Dowell*, 257 F.3d 694, 699 (7th Cir. 2001).

While the district court has broad discretion to fashion an appropriate remedy in a civil contempt action, *F.T.C. v. Trudeau*, 579 F.3d 754, 772 (7th Cir. 2009), civil contempt proceedings "are coercive and remedial, but not punitive, in nature and sanctions for civil contempt are designed to compel the contemnor into compliance with an existing court order or to compensate the complainant for losses sustained as a result of the contumacy," *Jones*, 188 F.3d at 738. Where compensation is intended, a fine is imposed, payable to the complainant. *United States v. United Mine Workers of America*, 330 U.S. 258, 304 (1947). "Such fine must of course be based upon evidence of

complainant's actual loss, and his right, as a civil litigant, to the compensatory fine is dependent upon the outcome of the basic controversy." *Id.* Where the purpose of the sanction is compliance, "the court's discretion is otherwise exercised. It must then consider the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired." *Id.*

As to Waukesha Floral's argument regarding yellowbook.com, I find that the injunction order unequivocally commanded the defendants to remove the offending seven names from any future Yellow Book, Yellow Pages, or any similar phone book, or any other form of advertising including but not limited to the internet and social media. While Possi may not have intentionally disobeyed the court order, as the defendants argue, "[t]he state of mind of a party to the underlying action is irrelevant in a civil contempt proceeding." *Select Creations, Inc. v. Paliafito Am., Inc.*, 906 F. Supp. 1251, 1271 (E.D. Wis. 1995). Thus, I find that the defendants violated the court's preliminary injunction order by failing to remove "Waukesha Florists" and "Waukesha Florals" from yellowbook.com.

As to Waukesha Floral's argument that the defendants continued to maintain active registrations for five of the seven restricted names on the WDFI website, I do not find that the defendants violated the preliminary injunction in this manner. While Waukesha Floral argues that the defendants were using the WDFI website to "advertise," I disagree. The nature of the WDFI website is not for advertising. Although accessible to the public, it is a governmental website where one can search for such information as trademark and trade name registration to find out who has registered a mark or corporate records to learn the registered agent of a corporation. *See* www.wdfi.org. It is not a place a consumer is likely going to look for a florist.

- 3 -

Case 2:15-cv-01365-NJ    Filed 09/26/16    Page 3 of 5    Document 72

The question remains as to the appropriate sanctions for the defendants' violation of the preliminary injunction. Waukesha Floral requests $500 per day for violation of the injunction for loss of business and to punish the defendants' non-compliance. The defendants argued that Waukesha Floral is not losing sales from the violation, so the sanction should be $0. As stated above, judicial sanction in civil contempt proceedings are either coercive or remedial. If sanctions are remedial, Waukesha Floral must prove its damages "as a necessary element of a civil contempt proceeding." *Select Creations,* 906 F. Supp. at 1278. Unlike the existence of a contempt of court, damages need not be proved by clear and convincing evidence; however, damages cannot be speculative or probable and must be proved with a reasonable degree of certainty. *Id.* Waukesha Floral has not shown it sustained any damages as a result of the defendants' violation; thus, I cannot award remedial damages.

A coercive sanction's purpose is to coerce compliance with the court order. A coercive sanction must afford the contemnor the opportunity to "purge," meaning "the contemnor can avoid punishment by complying with the court order." *F.T.C. v. Trudeau*, 579 F.3d 754, 769 (7th Cir. 2009) (internal citations omitted). Counsel for the defendants avers that she spoke to a customer service representative from Yellowbook to correct the directory listings for both the online and print versions of the directory. (Declaration of Heather M. Bessinger ¶ 3, Docket # 69.) Thus, it appears that the defendants are now in compliance with the Court's Order. Waukesha Floral argues that the defendants should be fined for the period of time between the entry of the preliminary injunction and the date of the expedited motion for their noncompliance. (Docket # 63 at 3.) However, a penalty for the defendants' past noncompliance would be punitive in nature, and a punitive sanction can only be awarded after the conclusion of criminal contempt proceedings. *E.E.O.C. v. Mgmt. Hosp. of*
- 4 -

*Racine, Inc.*, 794 F. Supp. 2d 921, 924 n.1 (E.D. Wis. 2011). For these reasons, I do not find that a monetary sanction is appropriate in this case.

Finally, as I discussed at the hearing, the defendants are reminded that going forward they are to comply with both the letter and spirit of the preliminary injunction order.

### ORDER

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's motion to hold the defendants in contempt of court (Docket # 63) is granted as to the defendants' failure to remove "Waukesha Florists" and "Waukesha Florals" from yellowbook.com. However, the plaintiff's motion to hold the defendants in contempt of court is denied as to the defendants' active registrations of restricted names on the WDFI website.

However, no remedial sanction will be imposed because the plaintiff has failed to show it sustained any damages as a result of the defendants' violation and no coercive sanction will be imposed because the defendants are now in compliance with the Court's Order.

Dated at Milwaukee, Wisconsin this 26th day of September, 2016.

BY THE COURT

 *s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge