# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**WAUKESHA FLORAL & GREENHOUSES, INC.,**
**(d/b/a Waukesha Floral and Waukesha Floral & Greenhouse),**

    **Plaintiff,**

    **v.**                           **Case No. 15-CV-1365**

**JAMES POSSI , YOUR FLORIST LLC, and**
**ANN M. RICE,**

    **Defendants.**

---

## DECISION AND ORDER ON PLAINTIFF'S AND DEFENDANTS' CROSS MOTIONS FOR SUMMARY JUDGMENT

---

Waukesha Floral & Greenhouses, Inc. sues James Possi, Your Florist LLC, and Ann M. Rice raising eight claims for relief, including violations of the Lanham Act, 15 U.S.C. § 1051, *et seq.*, common law trademark violation, tradename infringement, unfair competition, violation of Wis. Stat. § 100.18, and violation of a 2000 stipulation and order for dismissal between Waukesha Floral and Possi. Both Waukesha Floral and the defendants have moved for summary judgment.[1] For the reasons explained below, both motions for summary judgment are denied.

## UNDISPUTED FACTS

Waukesha Floral & Greenhouses, Inc. is a retail floral business that has been operating at the same location at 319 South Prairie Avenue in Waukesha, Wisconsin since

---

[1] James Possi filed several *pro se* filings in this matter. (Docket # 175, 178, 179, 180.) Waukesha Floral moved to strike the first filing. (Docket # 176.) A defendant does not have a right to file his own motions when he is represented by counsel. *See Hayes v. Hawes*, 921 F.2d 100, 102 (7th Cir.1990) (per curiam). Thus, the plaintiff's motion to strike is granted and I have disregarded all of Possi's *pro se* filings.

1907. (Plaintiff's Proposed Findings of Fact ("PPFOF") ¶ 1, Docket # 148; Defs.' Resp. ¶ 1, Docket # 167.) Thomas and Martin Loppnow currently run the business. (PPFOF ¶ 3; Defs.' Resp. ¶ 3.) The name "Waukesha Floral" was trademarked by the plaintiff with the United States Patent and Trademark Office ("USPTO") in 2000 and was renewed in 2010. (PPFOF ¶¶ 5-6; Defs.' Resp. ¶¶ 5-6.) Possi has been in the floral industry since approximately 1980. (PPFOF ¶ 7; Defs.' Resp. ¶ 7.) Possi opened up a floral shop in Waukesha, Wisconsin at 912 East Moreland Boulevard in 1983. (PPFOF ¶ 12; Defs.' Resp. ¶ 12.) Possi operated under the name "Best Florist" or "Best Floral," but did not incorporate the business or have any employees. (PPFOF ¶ 13; Defs.' Resp. ¶ 13.) In the mid-1990s, Possi moved to a new location at 918 East Moreland Boulevard. (PPFOF ¶ 14; Defs.' Resp. ¶ 14.)

In January 2000, Waukesha Floral sued Possi and "Best Florist" for using the trade names "Waukesha Florist & Greenhouse" and "Waukesha Florist." (PPFOF ¶ 41; Defs.' Resp. ¶ 41.) In August 2000, Waukesha Floral, Possi, and Best Florist reached a stipulation and order for dismissal whereby Possi and Best Florist agreed to cease any and all use of the terms or tradenames: "Waukesha Florist & Greenhouses," "Waukesha Florist and Greenhouse," "Waukesha Florist," "Waukesha Floral and Greenhouses," "Waukesha Floral and Greenhouse," and "Waukesha Floral." (PPFOF ¶ 42; Defs.' Resp. ¶ 42.) Possi and Best Florist also agreed to cease use of the individual words "Waukesha" and "Florist" where those words were contiguous or made up the majority of the trade name. (*Id.*)

In 2003, Waukesha Floral and Possi exchanged correspondence regarding Possi's use of the names "Waukesha Wisconsin The Best Florist" and "Best Florist in Waukesha Wisconsin." (PPFOF ¶ 43; Defs.' Resp. ¶ 43.) In 2005, Waukesha Floral's counsel wrote to

Possi's attorney regarding mailings Waukesha Floral received that had Possi's name on them and listed him as "owner." (PPFOF ¶ 44; Defs.' Resp. ¶ 44.)

In April 2011, Possi opened another floral shop in Milwaukee on West Layton Avenue. (PPFOF ¶ 15; Defs.' Resp. ¶ 15.) As part of the move to West Layton Avenue, Possi and his wife organized a new limited liability company called "Your Florist LLC." (PPFOF ¶ 17; Defs.' Resp. ¶ 17.) Starting in 2011, Possi's daughter, Ann Rice, ran the business at 918 East Moreland Boulevard. (PPFOF ¶ 18; Defs.' Resp. ¶ 18.) On July 15, 2013, Possi's mother deeded the property located at 918 East Moreland Boulevard to Possi, Rice, and Rice's brother. (DPFOF ¶ 21, Pl.'s Resp. ¶ 21.) Possi moved back to the 918 East Moreland Boulevard location on April 1, 2015. (PPFOF ¶ 21; Defs.' Resp. ¶ 21.) Your Florist's principal place of business is 918 East Moreland Boulevard. (Defendant's Proposed Findings of Fact ("DPFOF") ¶ 2, Docket # 155; Pl.'s Resp. ¶ 2, Docket # 158.) Possi and Your Florist have done business under the names "Waukesha Florals," "Waukesha Florists," "Waukesha Flower and Greenhouse," "Waukesha Flower & Greenhouse," and "Waukesha Flower And Greenhouse." (PPFOF ¶ 56; Defs.' Resp. ¶ 56.)

In 2015, Waukesha Floral saw advertisements in local phone books for the names "Waukesha Flower And Greenhouse," "Waukesha Flower and Greenhouse," "Waukesha Flower & Greenhouse," "Waukesha Florals," "Waukesha Florists," "Florist in Waukesha WI," and "Florist in Waukesha Wisconsin." (PPFOF ¶ 45; Defs.' Resp. ¶ 45.) Possi and Your Florist were also doing business under the names "Waukesha Greenhouse," "Greenhouse in Waukesha," "Green House in Waukesha," "Waukesha Flower," and "Waukesha Flowers," which Waukesha Floral states that it learned during discovery in 2016. (PPFOF ¶ 46; Defs.' Resp. ¶ 46.)

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. The mere existence of some factual dispute does not defeat a summary judgment motion. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In evaluating a motion for summary judgment, the court must draw all inferences in a light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. *Celotex Corp.*, 477 U.S. at 324. Evidence relied upon must be of a type that would be admissible at trial. *See Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009). To survive summary judgment, a party cannot rely on his pleadings and "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. "In short, 'summary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party.'" *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005) (citing *Turner v. J.V.D.B. & Assoc., Inc.*, 330 F.3d 991, 994 (7th Cir. 2003)).

# ANALYSIS

Waukesha Floral's second amended complaint alleges the following eight causes of action: (1) Violation of 15 U.S.C. § 1114; (2) Violation of 15 U.S.C. § 1125(a); (3) Violation of 15 U.S.C. § 1125(c); (4) Common Law Trademark Violation; (5) Tradename Infringement; (6) Unfair Competition; (7) Violation of Wisconsin's Deceptive Trade Practices Act (Wis. Stat. § 100.18); and (8) Violation of the 2000 Stipulation and Order for Dismissal. (Docket # 90.) Waukesha Floral moves for summary judgment as to liability on the first, second, fourth, fifth, and sixth causes of action. (Pl.'s Br. at 20, Docket # 146.) Waukesha Floral asks for a permanent injunction against the defendants' use of the following twelve names: Waukesha Flower And Greenhouse, Waukesha Flower and Greenhouse, Waukesha Flower & Greenhouse, Waukesha Florals, Waukesha Florists, Florist in Waukesha WI, Florist in Waukesha Wisconsin, Waukesha Greenhouse, Greenhouse in Waukesha, Green House in Waukesha, Waukesha Flower, and Waukesha Flowers. (*Id.*) Waukesha Floral further asks that the defendants be precluded from using any future name that is substantially similar to "Waukesha Floral" or "Waukesha Floral & Greenhouse."

The defendants have also moved for summary judgment, arguing that Waukesha Floral is unable to prove that it suffered any damages from the defendants' alleged conduct and that Waukesha Floral's claims are precluded by the doctrines of fair use, unclean hands, and laches. (Defs.' Br., Docket # 154; Defs.' Br., Docket # 163.) The defendants also argue that Waukesha Floral's § 100.18 claim is time barred. (Defs.' Br., Docket # 154.) Finally, the defendants argue that the claims against Rice should be dismissed because Rice was merely an employee of Your Florist. (*Id.*)

1.      *Waukesha Floral's Wis. Stat. § 100.18 Claim*

The defendants moved for summary judgment on Waukesha Floral's § 100.18 claim, arguing that the cause of action is time barred by the applicable statute of limitations. Waukesha Floral responded that it will not be moving forward on this claim and does not oppose dismissal of the cause of action. (Pl.'s Resp. Br. at 31, Docket # 157.) Therefore, the defendants' motion for summary judgment as to Waukesha Floral's Wis. Stat. § 100.18 claim is granted and this cause of action is dismissed.

2.      *Claims Against Rice*

The defendants move for summary judgment on the claims against Rice on the grounds that Waukesha Floral lacks any evidence that Rice was ever anything more than an employee of Possi's business and thus cannot be held personally liable for the alleged infringement. It is undisputed that when Rice was working for Possi at the 918 East Moreland Boulevard location in 2011, she was working for an entity called "Best Floral." (DPFOF ¶ 8; Pl.'s Resp. ¶ 8.) Possi testified, and Waukesha Floral does not dispute, that Best Floral is an unincorporated business. (Declaration of Heather M. Bessinger, ¶ 1, Exh. 1, Docket # 69; Deposition of James C. Possi ("Possi Dep.") at 131, Docket # 69-1; DPFOF ¶ 5; Pl.'s Resp. ¶ 5.) In determining liability, the courts have treated trademark infringement as a species of tort and have turned to the common law to guide the inquiry into the appropriate boundaries of liability. *Hard Rock Cafe Licensing Corp. v. Concession Servs., Inc.*, 955 F.2d 1143, 1148 (7th Cir. 1992).

An unincorporated business does not possess a legal identity separate from its owners. *See Jeroski v. Fed. Mine Safety & Health Review Comm'n*, 697 F.3d 651, 652 (7th Cir. 2012) ("A proprietorship is not a legal entity, but merely a name under which the owner,

who is the real party in interest, does business."); *see also Norwest Bank Minnesota, N.A. v. Walker*, No. 90 C 4804, 1990 WL 129498, at *1 (N.D. Ill. Aug. 31, 1990) ("[I]f Water Cruise were indeed an unincorporated business . . . the only entity capable of suing or being sued would be Walker himself . . ."). Waukesha Floral argues that Rice was an owner of Best Floral based on Possi's testimony that Best Floral, located at 918 East Moreland Boulevard, was "[Rice's] shop." (Possi Dep. at 66.) Possi testified that from 2011 until 2015, Rice was running Best Floral "with her name, her telephone numbers. She was paying her telephone bills. She was paying for her own taxes. I had nothing to do with it. I am not part of that flower shop in Waukesha." (*Id.* at 67.) Possi later testifies again that he had "nothing to do with her business" and stated that he "did not own the business." (*Id.* at 83, 84.)

Rice testified that she took over Best Floral in 2011; however, she stated that she ran the business for less than one year. (Feb. 27, 2018 Declaration of Matthew Fernholz ("Feb. 27 Fernholz Decl.") ¶ 2, Exh. B, Docket # 149; Deposition of Ann Rice ("Rice Dep.") at 7-9, Docket # 149-2.) Rice also testified, however, that she "just ran the shop" and it was Possi's shop. (*Id.* at 36-37.) While Rice acknowledged that she paid the bills for the shop (*id.* at 39), she again testified that Best Floral had "always been [Possi's] shop" (*id.* at 44).

While the defendants argue that neither Possi nor Rice bear any personal liability during the 2011 to 2015 time period because Possi incorporated Your Florist, LLC in 2011 and thus the corporation was the owner of Best Floral during the relevant time period, (Defs. Reply Br. at 5, Docket # 168), the defendants cite to no evidence that Your Florist owned Best Floral at that time. Possi testified that in 2011 he moved to West Layton Avenue in Milwaukee and that Your Florist, LLC was at that location (Possi Dep. at 59-61.) He did not move back to the Moreland address until 2015. (*Id.* at 66.)

At summary judgment, all factual disputes and all reasonable inferences must be resolved in favor of the non-moving party, *see Grant v. Trustees of Indiana Univ.*, 870 F.3d 562, 568 (7th Cir. 2017), and as to this issue, that is Waukesha Floral. To survive summary judgment, the non-moving party must identify specific, admissible evidence showing that there is a genuine dispute of material fact for trial. *Id.* Such a dispute exists when there is sufficient evidence favoring the non-moving party to permit a trier of fact to make a finding in the non-moving party's favor. *Id.* Waukesha Floral has met this burden. Again, Possi has testified that he did not own the business during the period of time in which Rice was running the business. Again, Best Floral is an unincorporated business. If Possi's testimony is believed, Rice was doing business under the name Best Floral and thus was liable for any wrongdoings of the unincorporated business. For this reason, the defendants' motion for summary judgment dismissing the claims against Rice is denied.

> ### 3. *Fair Use, Unclean Hands, and Laches Defenses*

The defendants move for summary judgment on three affirmative defenses: fair use, unclean hands, and laches.

> #### 3.1 Fair Use

As to the fair use defense, the defendants argue that any names they may have used fall under the fair use doctrine. (Defs.' Br. at 22, Docket # 163.) Waukesha Floral counters that fair use is an affirmative defense and because the defendants did not plead the affirmative defense, it is waived. (Pl.'s Reply Br. at 13, Docket # 170.) It is true that the defendants did not specifically plead fair use as an affirmative defense (though they pled a catch-all of any other affirmative defense that might exist) (Docket # 94; Docket # 100) and a failure to alert the parties and the court of the intent to pursue a defense risks waiving the

defense. *Venters v. City of Delphi*, 123 F.3d 956, 967-68 (7th Cir. 1997). I need not decide, however, whether the defendants waived the fair use defense because I find it is without merit.

The fair use doctrine is based on the principle that no one should be able to appropriate descriptive language through trademark registration. *Sands, Taylor & Wood Co. v. Quaker Oats Co.*, 978 F.2d 947, 951 (7th Cir. 1992). To prevail on the fair use defense, the defendant must establish that its use of a registered "term or device" is "otherwise than as a trade or service mark," that the term or device is "descriptive of" the defendant's goods or services, and that the defendant is using the term or device "fairly and in good faith only to describe to users" those goods and services. *Id.* (internal quotations and citation omitted). The defendants cannot meet the first element. A word or phrase functions as a trademark when it is "used by a source of [a product] to identify itself to the public as the source of its [product] and to create in the public consciousness an awareness of the uniqueness of the source and of its [products]." *Id.* at 953 (internal quotation and citation omitted). The defendants argue that Possi never advertised using the twelve names at issue in this case; rather, he only purchased telephone book listing under most of the names. (Defs.' Resp. Br. at 23, Docket # 163.) But the placement of the names in the phone book is an attempt by the defendants to identify themselves to the public as the source of a product in the hopes of creating in the public consciousness an awareness of the source and their products. In other words, by placing the names in the phone book, the defendants are trying to make the public aware of their flower shop in the hopes of driving business to the shop. Thus, the defendants cannot prevail on their fair use defense.

### 3.2    Unclean Hands

The defendants argue that Waukesha Floral's claims should be dismissed because its hands are unclean. (Defs.' Br. at 25, Docket # 154.) The doctrine of unclean hands can bar equitable relief. *Am. Hosp. Supply Corp. v. Hosp. Prod. Ltd.*, 780 F.2d 589, 601 (7th Cir. 1986). "'Unclean hands' really just means that in equity as in law the plaintiff's fault, like the defendant's, may be relevant to the question of what if any remedy the plaintiff is entitled to." *Shondel v. McDermott*, 775 F.2d 859, 868 (7th Cir. 1985). The defendants assert two unclean hands defenses: (1) when the defendants' business name is typed into internet search engines, Waukesha Floral's address and telephone number come up and (2) Waukesha Floral was using the name "Waukesha Florist" in violation of the parties' 2000 settlement agreement. (Defs.' Br. at 26-27, Docket # 154.)

As to the first argument for unclean hands, the defendants point to three internet searches that they allege show that Waukesha Floral was "doing the exact kind of manipulation of trade names and 'search engine hits' that it is accusing the Defendants of doing." (Defs.' Br. at 26, Docket # 154.) The first search is from March 2015, using the website AddUSA.net. The defendants allege that a search of the website "best floral" was conducted and Waukesha Floral showed up under that search term. (DPFOF ¶ 36.) The second search was in April 2016, when a google search of "best floral" allegedly showed Waukesha Floral's name. (DPFOF ¶ 37.) And finally, the third search was from November 9, 2017, when Waukesha Floral's address and telephone number were listed in an online listing for Best Floral. (DPFOF ¶ 38.)

As an initial matter, the defendants refer to screen shots of these alleged searches that were included as exhibits from Thomas and Martin Loppnow's depositions. (Mar. 29, 2018

Declaration of Matthew M. Fernholz ("Mar. 29 Fernholz Decl.") ¶¶ 11-13, Exh. K, L, and M, Docket # 160, 160-11, 160-12, and 160-13.) The defendants make no attempt to authenticate these documents. Without proper authentication, these documents should be disregarded. Even considering the documents; however, the defendants have presented no evidence that Waukesha Floral did anything to manipulate its metadata or the search engines in order to direct customers to its website using the defendants' business name. Rather, they rely on speculation and undocumented assertions. This does not show unclean hands.

The defendants' second allegation of unclean hands similarly fails. The defendants argue that a January 5, 2007 letter from plaintiff's counsel to defendants' counsel proves that Waukesha Floral was using the trade name "Waukesha Florist" in violation of the 2000 settlement agreement. (Defs.' Br. at 26, Docket # 154.) This is not what the letter says. Rather, the letter states that plaintiff's counsel Googled "Waukesha Florist" and both the plaintiff and the defendant's names came up. (Mar. 29 Fernholz Decl. ¶ 3, Exh. C, Docket # 160-3.) The defendants' counsel responds to the letter, stating that Google was contacted and the "Waukesha Florist" listing was created by Google, not by either of the parties. (Mar. 29 Fernholz Decl. ¶ 4, Exh. D, Docket # 160-4.) Thus, this is far from evidence of Waukesha Floral engaging in wrongdoing. The defendants' unclean hands arguments fail.

### 3.3     Laches

The defendants argue that the equitable doctrine of laches precludes injunctive relief under any theory advanced by Waukesha Floral. "The equitable doctrine of laches is derived from the maxim that those who sleep on their rights, lose them." *Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813, 820 (7th Cir. 1999). For laches to apply in a trademark

infringement case, the defendant must show that the plaintiff had knowledge of the defendant's use of an allegedly infringing mark, that the plaintiff inexcusably delayed in taking action with respect to the defendant's use, and that the defendant would be prejudiced by allowing the plaintiff to assert its rights at this time. *Chattanoga Mfg., Inc. v. Nike, Inc.*, 301 F.3d 789, 792-93 (7th Cir. 2002).

As to the first part of the analysis, Waukesha Floral must have actual or constructive notice of the defendants' activities. *See id.* at 793. With regard to constructive notice, "'[T]he law is well settled that where the question of laches is in issue the plaintiff is chargeable with such knowledge as he may have obtained upon inquiry, provided the facts already known by him were such as to put upon a man of ordinary intelligence the duty of inquiry.'" *Id.* (quoting *Johnston v. Standard Mining Co.*, 148 U.S. 360, 370 (1893)). A trademark owner is "chargeable with information it might have received had due inquiry been made." *Id.* (internal quotation and citation omitted).

The defendants argue that Waukesha Floral had actual knowledge of the defendants' alleged infringement in 2003 when Waukesha Floral sent the defendants a cease and desist letter regarding conduct the plaintiff believed violated the 2000 stipulation and order. (Defs.' Br. at 27, Docket # 154.) I disagree that this shows actual knowledge of the defendants' alleged infringement with regard to the business names at issue in this lawsuit. The 2000 lawsuit involved the defendants' use of the terms "Waukesha Florist" and "Waukesha Florist & Greenhouse." (Second Am. Compl., Exh. M, Docket # 91-13.) The 2003 cease and desist letter challenged the defendants' use of the names "Waukesha Wisconsin The Best Florist" and "Best Florist in Waukesha Wisconsin." (Feb. 11, 2016 Declaration of Matthew M. Fernholz ("Feb. 11 Fernholz Decl.") ¶ 1, Exh. A, Docket # 36-1.) Although

very similar to the allegedly infringing names the defendants are now using, this did not give Waukesha Floral actual knowledge of the defendants' allegedly infringing use of the twelve names now at issue. Further, the defendants incorrectly allege that Waukesha Floral "chose not to act." (Defs.' Br. at 27, Docket # 154.) On the contrary, the record shows that on July 29, 2003, Waukesha Floral's counsel responded to Possi's counsel's letter, stating his belief that Possi had not acted in good faith. (Feb. 11 Fernholz Decl. ¶ 2, Exh. B). The record further shows Possi's counsel's response that "I believe that with proper advisement, Mr. Possi is now and will continue to properly compete with Waukesha Floral & Greenhouses, Inc. in the marketplace." (Feb. 11 Fernholz Decl. ¶ 3, Exh. C.)

The defendants argue that Thomas Loppnow testified that discussions regarding allegations of tradename infringement against Possi were renewed in 2005 and that in late 2006 and 2007, there was again contact between the attorneys regarding allegations of infringement. (Defs.' Br. at 27, Docket # 154) But Loppnow's testimony does not allude to the specific names Possi was allegedly using in 2005 (Feb. 27 Fernholz Decl. ¶ 1, Exh. A, Deposition of Thomas Loppnow ("T. Loppnow Dep.") at 72, 75, Docket # 149-1) and the letters between counsel in late 2006 and 2007 addressed the use of the name "Waukesha Florist" (Mar. 29 Fernholz Decl. ¶ 3, Exh. C, Docket # 160-3). Although the name "Waukesha Florists" is at issue in this case, none of the allegedly violative names were names at issue in the current lawsuit.

Although the defendants argue that Waukesha Floral failed to do anything for twelve years (Defs.' Br. at 28, Docket # 154), they come forward with no evidence to rebut the Loppnows' testimony that they first learned about the original seven allegedly infringing names in 2015 and the final five allegedly infringing names in 2016 beyond speculating that

they must have known about the original seven names before 2015 because Thomas Loppnow testified that in the past 17 years, people have questioned "why there's so many Waukesha Floral, Florists, all the different names that have been put in the phone book." (T. Loppnow Dep. at 25; PPFOF ¶ 45, Defs.' Resp. ¶ 45.) Given the fact that Possi had 285 registered trade names in Wisconsin (PPFOF ¶ 35, Defs.' Resp. ¶ 35), it is unreasonable for the defendants to argue that a "simple search" of the State of Wisconsin trade name registry would have allowed Waukesha Floral to know what potential allegedly infringing tradenames Possi was using. (Defs.' Reply Br. at 15, Docket # 168.) For these reasons, the defendants' laches defense fails.

> 4.   *Trademark and Tradename Infringement and Unfair Competition*

Waukesha Floral moves for summary judgment on its statutory and common law claims of trademark infringement, tradename infringement, and unfair competition. To prevail on a trademark infringement claim under either the Lanham Act or the common law, Waukesha Floral must establish that it owns a protectable trademark and a "likelihood of confusion" exists between the marks or products of the parties. *Meridian Mut. Ins. Co. v. Meridian Ins. Group*, 128 F.3d 1111, 1115 (7th Cir.1997). Similarly, for its common law tradename infringement claim, Waukesha Floral must show that its designation meets the definition of tradename and that the defendants' use of a similar designation is likely to cause confusion. *Madison Reprographics, Inc. v. Cook's Reprographics, Inc.*, 203 Wis. 2d 226, 234, 552 N.W.2d 440, 444-45 (Ct. App. 1996).

The same is true for unfair competition under the Lanham Act and under the common law. *CAE, Inc. v. Clean Air Eng'g, Inc.*, 267 F.3d 660, 673-74 (7th Cir. 2001) (to establish unfair competition, a plaintiff must establish that (1) its mark is protectable and (2)

the defendant's use of the mark is likely to cause confusion among consumers); *Echo Travel, Inc. v. Travel Assocs., Inc.*, 870 F.2d 1264, 1266 (7th Cir. 1989) (to establish common law unfair competition, a plaintiff must prove: (1) validity of the mark in question; and (2) infringement). The factors for showing likelihood of confusion under the Lanham Act are virtually identical to the factors under the common law. *AutoZone, Inc. v. Strick*, 543 F.3d 923, 929 (7th Cir. 2008) (Lanham Act); *Madison Reprographics, Inc.*, 203 Wis. 2d at 236-37, 552 N.W.2d at 446 (common law tradename infringement).

### 4.1 Protectable Mark

#### 4.1.1 Waukesha Floral

Waukesha Floral must first establish that it owns a protectable mark. It is undisputed that the name "Waukesha Floral" was approved for trademark status with the USPTO. (PPFOF ¶¶ 5-6, Defs.' Resp. ¶¶ 5-6.) Once a trademark is registered, it is *prima facie* evidence of the validity of the registered mark and the registrant's exclusive right to use the registered mark in commerce. 15 U.S.C. § 1115(a).

The defendants argue that the "Waukesha Floral" mark should be cancelled because Waukesha Floral made false representations and failed to disclose material facts to the USPTO. Pursuant to 15 U.S.C. § 1115(b)(1), the *prima facie* evidence of validity established by § 1115(a) is subject to the defense that the registration was obtained fraudulently. The defendants; however, failed to plead any affirmative defense alleging Waukesha Floral committed fraud with respect to its trademark application. (Docket # 94 and Docket # 100.) "Allegations of trademark fraud must be stated with particularity in accordance with Fed.R.Civ.P. 9(b); a general allegation of fraud without an accompanying recitation of details is insufficient. The pleadings must contain an explicit rather than implied expression

15

of the circumstances constituting fraud." *Oreck Corp. v. Thomson Consumer Elecs., Inc.*, 796 F. Supp. 1152, 1159 (S.D. Ind. 1992).

Fed. R. Civ. P. 8(c) requires a defendant to plead any affirmative defense in his answer to the complaint. *Venters*, 123 F.3d at 967. "The purpose of that rule, as courts have long recognized, is to avoid surprise and undue prejudice to the plaintiff by providing her notice and the opportunity to demonstrate why the defense should not prevail." *Id.* The district court has discretion, however, to allow an answer to be amended to assert an affirmative defense not raised at the outset; for example, in situations where the pertinence of a particular defense only becomes apparent after discovery. *Id.* The defendant must act timely—he is not allowed to "lie behind a log" and "ambush a plaintiff with an unexpected defense." *Id.* at 968 (internal quotation and citation omitted). Failure to timely alert the parties and the court of one's intent to pursue the defense "risks a finding that he has waived the defense." *Id.*

I find the defendants waived the affirmative defense of trademark fraud. This defense was not raised in the answers to the complaint or the two amended complaints. While litigating the motion for a preliminary injunction, the defendants did not challenge the validity of the trademark. (Docket # 39 at 5.) In fact, the defendants did not challenge the validity of the plaintiff's registered trademark until its response brief to the plaintiff's motion for summary judgment. The defendants do not argue that the factual basis of this defense was unavailable to them until recently. Thus, the defendants have not shown any reason for failing to raise the affirmative defense until now. Further, I find that the defendants' delay in raising this affirmative defense prejudices Waukesha Floral. Again, this is a defense of fraud, which should be pled with particularity. Although Waukesha Floral attempts to

counter the defendants' argument in its reply brief, I find the tardy submission of this defense deprived Waukesha Floral of any reasonable and meaningful opportunity to address the defense. Thus, the defendants have not overcome the presumption that Waukesha Floral has a protectable mark in the name "Waukesha Floral."

### 4.1.2 Waukesha Floral & Greenhouse

Waukesha Floral also does business as "Waukesha Floral & Greenhouse," but the name is not a registered trademark. (PPFOF ¶ 4, Defs.' Resp. ¶ 4.) The validity of a mark pertains to whether a "word, term, name, symbol or device," 15 U.S.C. § 1125(a)(1), is entitled to protection under trademark law by focusing on whether that mark specifically identifies and distinguishes one company's goods or services from those of its competitors. *Platinum Home Mortg. Corp. v. Platinum Fin. Grp., Inc.*, 149 F.3d 722, 726 (7th Cir. 1998). When the identifying "word, term, name, symbol or device" claimed as a trade name or mark is not registered with the USPTO, the burden is on the claimant (in this case, Waukesha Floral) to establish that it is entitled to protection under § 43(a) of the Lanham Act. *Id.*

Trademark law recognizes five categories of trademarks, in ascending order of distinctiveness or strength: (1) generic, (2) descriptive, (3) suggestive, (4) arbitrary, and (5) fanciful. *CAE, Inc.*, 267 F.3d at 684. In general, the level of trademark protection available corresponds to the distinctiveness of the mark. *Platinum Home Mortg. Corp.*, 149 F.3d at 727. A generic mark is not entitled to any trademark protection because it is a term commonly used and does not identify any particular source. *Id.* A descriptive mark is one that "describes the ingredients, qualities, or characteristics of an article of trade or a service," and is generally not protected as a trademark because a merely descriptive mark is a "poor

means of distinguishing one source of services from another." *Id.* (internal quotations and citations omitted). However, a descriptive mark may receive trademark protection if it acquires secondary meaning in the collective consciousness of the relevant community. *Id.* (internal quotations and citations omitted). Terms that are either suggestive, arbitrary, or fanciful are automatically entitled to trademark protection because they are inherently distinctive. *Id.*

Waukesha Floral, in arguing that the name "Waukesha Floral & Greenhouse" has acquired secondary meaning, seems to concede that the term is descriptive. (Pl.'s Br. at 13, Docket # 146.) Again, a descriptive mark is entitled to protection under both the Lanham Act and the common law if it has acquired secondary meaning. *See D.L. Anderson's Lakeside Leisure Co. v. Anderson*, 2008 WI 126, ¶ 51, 314 Wis. 2d 560, 587, 757 N.W.2d 803, 816 (to prevail on claim of tradename infringement, plaintiff must establish that the name had secondary meaning and that a party's use created a likelihood of confusion).

Secondary meaning is "a mental association in buyers' minds between the alleged mark and a single source of the product." *Spraying Sys. Co. v. Delavan, Inc.*, 975 F.2d 387, 393 (7th Cir. 1992) (quoting 1 McCarthy § 15:2, at 659). It can be established through direct consumer testimony, consumer surveys, length and manner of use, amount and manner of advertising, volume of sales, place in the market, and proof of intentional copying. *Id.* The defendants argue that Waukesha Floral & Greenhouse has not acquired secondary meaning. (Defs.' Br. at 8, Docket # 163.) They assert that Waukesha Floral relies on self-serving statements that it has become a Waukesha institution and on its advertising spreadsheets and budget breakdown. They argue that this evidence does not address which of Waukesha Floral's business names were used in its advertisements, nor does it show

whether the advertisements were successful in getting people to associate Waukesha Floral & Greenhouse with the plaintiff. (*Id.* at 9.)

Waukesha Floral argues that secondary meaning can be established through either direct or circumstantial evidence and while it may not have any direct evidence of secondary meaning (such as consumer surveys or direct customer testimony); it has circumstantial evidence demonstrating that it has acquired secondary meaning. (Pl.'s Reply Br. at 6, Docket # 170.) While Waukesha Floral is correct that secondary meaning can be established through circumstantial evidence, the Seventh Circuit has also said that "evidence of sales, advertising and use is entirely circumstantial, and courts have noted that this type of evidence alone is often insufficient to establish secondary meaning." *Spraying Systems Co.*, 975 F.2d at 393.

Waukesha Floral produces evidence that it spent over 1.33 million dollars on advertising and its advertising consists of television commercials, digital billboards, newspaper inserts, website design search engine optimization, stickers on trucks, Yellow Pages, and a Facebook page. (PPFOF ¶¶ 23-24, Defs.' Resp. ¶¶ 23-24.) However, it is unclear how the name "Waukesha Floral & Greenhouse" was utilized in the advertising. Waukesha Floral presents as evidence the marketing plans its advertising agent put together for Waukesha Floral over the last fourteen years. (Feb. 21, 2018 Declaration of Jane Loppnow ("Feb. 21 J. Loppnow Decl.") ¶¶ 4-5, Exh. B, Docket # 152, 152-2.) From 2003 until 2008, however, the marketing plans do not even mention the name "Waukesha Floral & Greenhouse," and rather state that the "main marketing goals are to increase name awareness, product awareness and sales for Waukesha Floral." (Docket # 152-2 at 1, 3, 5, 7, 9.) It is not until 2009 that the marketing plan language changes to state that the "main

marketing goals are to continue to increase name awareness, product awareness and sales for Waukesha Floral & Greenhouse." (*Id.* at 12, 15, 16, 18, 20, 22, 24, 26, 28.) Waukesha Floral presents no examples showing how the name "Waukesha Floral & Greenhouse" was used in its advertising.

Thus, while it is undisputed that Waukesha Floral has done business under the name "Waukesha Floral & Greenhouse" since 1980 (PPFOF ¶ 4, Defs.' Resp. ¶ 4) and spent over 1.33 million dollars on advertising from 2003 through 2016 (PPFOF ¶ 23, Defs.' Resp. ¶ 23), this speaks nothing to how the name Waukesha Floral & Greenhouse was used both in general and in advertising. Waukesha Floral also presents evidence that it generates approximately $2 million a year in revenue. (Apr. 12, 2018 Declaration of Jane Loppnow ("Apr.12 J. Loppnow Decl.") ¶ 3, Exh. A, Docket # 174, 174-1.) Again, it is unclear how the amount of revenue, in and of itself, establishes secondary meaning.

Waukesha Floral also argues that the many awards it has received show its established place in the market. (Apr. 12 J. Loppnow Decl. ¶ 4.) Waukesha Floral presents the declaration of Jane Loppnow that directs me to Waukesha Floral's website. The website contains a list of accolades (reproduced by the plaintiff in its brief), some containing additional hyperlinks. As an initial matter, I do not think it is proper for me to conduct my own research into how the name at issue is or is not being used by clicking on the hyperlinks. Rather, it is the plaintiff's burden to present evidence of secondary meaning. However, viewing the list of accolades reproduced by Waukesha Floral in its brief, it is still unclear how the name Waukesha Floral & Greenhouse is being used, if at all, in these awards.

Waukesha Floral lastly argues that the defendants' conduct (i.e., intentional copying) demonstrates secondary meaning. Waukesha Floral argues that while Possi at one point registered 285 tradenames with the Wisconsin Department of Financial Institutions, the only time he references a greenhouse is for "Waukesha Flower and Greenhouse," "Greenhouse in Waukesha," and "Green House in Waukesha." (Pl.'s Reply Br. at 8, Docket # 170.) Possi testified that he used the name "greenhouse" because he understood that "greenhouse" means "somebody who sells green plants, flowering plants. Greenhouse means that's what I do. I get it from Florida, buy and sell green plants." (Possi Dep. at 135.) He also testified that although his permit for a greenhouse was denied by the City, he has a building with skylights that acts like a greenhouse. (*Id.* at 56.) Rice also testified that they had a climate-controlled room with plants that she understood could be a greenhouse. (Rice Dep. 32-33.)

While Waukesha Floral argues this is an "obvious ploy to be associated with 'Waukesha Floral & Greenhouse,'" (Pl.'s Reply Br. at 8), I cannot resolve the credibility of Possi and Rice's testimony on summary judgment. Further, even assuming Possi's use of the term "Greenhouse" is circumstantial evidence of intentional copying, this is insufficient to establish secondary meaning. When a name is descriptive, which Waukesha Floral does not deny, it is more difficult to show wrongdoing on the part of a competitor whose strategy is to use the descriptive terms to market its own products. *Box Acquisitions, LLC v. Box Packaging Prod.*, LLC, 32 F. Supp. 3d 927, 938 (N.D. Ill. 2014).

Again, a name acquires secondary meaning when there is a mental association in buyers' minds between the alleged mark and a single source of the product. *Spraying Systems Co.*, 975 F.2d at 393. A plaintiff moving for summary judgment bears a greater initial burden

than a defendant so moving; it must show that the evidence supporting its claims is so compelling that no reasonable jury could return a verdict for the defendant. *Select Creations, Inc. v. Paliafito Am., Inc.*, 911 F.Supp. 1130, 1149 (E.D.Wis. 1995). Waukesha Floral puts forth no direct evidence that the name "Waukesha Floral & Greenhouse" has acquired secondary meaning, nor has it put forth any significant circumstantial evidence that the public associated a secondary meaning with Waukesha Floral & Greenhouse. For these reasons, I find that Waukesha Floral has failed to meet its burden of showing that "Waukesha Floral & Greenhouse" has acquired secondary meaning. Thus, its motion for summary judgment is denied as to infringement claims for "Waukesha Floral & Greenhouse." Further, because summary judgment is the "put up or shut up moment in a lawsuit," *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2003) and Waukesha Floral has failed to meet its burden of showing that "Waukesha Floral & Greenhouse" has acquired secondary meaning, Waukesha Floral's claims as to the term "Waukesha Floral & Greenhouse" are dismissed. In other words, Waukesha Floral has failed to present evidence on which a rational jury could find in its favor.

### 4.2    Likelihood of Confusion

Having dismissed Waukesha Floral's claims as to the name "Waukesha Floral & Greenhouse," I must now address the likelihood of consumer confusion as to the registered mark "Waukesha Floral." Waukesha Floral acknowledges that of the defendants' twelve allegedly infringing names, the following six names allegedly infringe on the mark "Waukesha Floral": Waukesha Florals, Waukesha Florists, Florist in Waukesha WI, Florist in Waukesha Wisconsin, Waukesha Flower, and Waukesha Flowers. (Pl.'s Br. at 14, Docket # 146.) Thus, I will focus on those names in this analysis.

In assessing the likelihood of consumer confusion, I consider seven factors: (1) the similarity between the marks in appearance and suggestion; (2) the similarity of the products; (3) the area and manner of concurrent use; (4) the degree and care likely to be exercised by consumers; (5) the strength of the plaintiff's mark; (6) any actual confusion; and (7) the intent of the defendant to "palm off" his product as that of another. *AutoZone, Inc.*, 543 F.3d at 929. Although no single factor is conclusive, the similarity of the marks, the defendant's intent, and actual confusion are particularly important. *Id.*

Some of these factors weigh in Waukesha Floral's favor. First, there are only minor variations between the defendants' allegedly infringing names and Waukesha Floral's trademark "Waukesha Floral." For example, the defendants' name "Waukesha Florals," is simply the plaintiff's trademark "Waukesha Floral" with an "s" added to the end of "Floral." This is not a case of marks that while similar, have a distinct appearance and placement of words such that a consumer would not associate one product with the other. *See Packman v. Chicago Tribune Co.*, 267 F.3d 628, 643 (7th Cir. 2001). Rather, these names are appearing next to each other in the phone book, and thus look identical in typeface and placement, the only difference being the minor variation in the words used. (PPFOF ¶ 50; Defs.' Resp. ¶ 50.)

Second, the parties are both competing in the retail florist market in the same geographical distribution area of Waukesha, Wisconsin. While the defendants argue that the advertising disparity between the two companies is "David v. Goliath," and that Waukesha Floral is a planter and grower of flowers while Your Florist is "a bucket flower business," (Defs.' Br. at 19, Docket # 163), this does not alter the fact that the two businesses both engage in the retail florist market in Waukesha, competing for the same

customers. The defendants further argue that the similarity between the marks' appearances and suggestions weighs in its favor because the plaintiff's mark is merely descriptive. (*Id.* at 20.) But this argument goes to the strength of the plaintiff's mark, not the similarity.

The remaining factors, however, are either "a toss-up or weigh in [the defendants'] favor." *See RDK Corp. v. Larsen Bakery, Inc.*, No. 02-C-0675, 2006 WL 2168797, at *19 (E.D. Wis. July 31, 2006). In assessing whether the degree and care exercised by consumers favors finding a likelihood of confusion, the court has stated that the "more widely accessible and inexpensive the products and services, the more likely that consumers will exercise a lesser degree of care and discrimination in their purchases." *CAE, Inc.*, 267 F.3d at 683. Also, the more sophisticated the consumer, generally the less likely he or she will be misled by similarity in marks. *RDK Corp.*, 2006 WL 2168797, at *19. The undisputed evidence is that the average cost of a floral transaction in the Midwest is $67.73. (DPFOF ¶ 82; Pl.'s Resp. ¶ 82.) At approximately $68.00, flowers are far from inexpensive; however, the parties present no evidence that the consumers of flowers need to be sophisticated or that the degree of care in purchasing flowers is particularly high. Thus, this factor is closer to a "toss-up" as to the likelihood of confusion.

Most important to this analysis, I find that there are genuine issues of material fact as to the strength of Waukesha Floral's mark, actual confusion, and the defendants' intent. The "strength" of the trademark "refers to the mark's distinctiveness, meaning its propensity to identify the products or services sold as emanating from a particular source." *CAE, Inc.*, 267 F.3d at 684. Interestingly, the Seventh Circuit (but not all circuits), looks at strength of the mark as a factor for evaluating likelihood of confusion. *Munters Corp. v. Matsui Am., Inc.*, 909 F.2d 250, 252 (7th Cir. 1990). Although "[m]ost often an analysis of the strength of the

complainant's mark is undertaken to determine whether an unregistered trademark is protectable," it is proper, under Seventh Circuit law, to consider this factor in the likelihood of confusion analysis. *Id.* The defendants argue, as with the name Waukesha Floral & Greenhouse, the term "Waukesha Floral" is a geographically descriptive term that has acquired no secondary meaning. (Defs.' Br. at 13-14, Docket # 163.) Waukesha Floral, however, rests on its arguments as to why "Waukesha Floral & Greenhouse" has acquired secondary meaning to explain how "Waukesha Floral" has acquired secondary meaning. (Pl.'s Reply Br. at 11, Docket # 170.) Waukesha Floral adds that because the name "Waukesha Floral" has been used continuously since 1904, the arguments "apply with even greater force." (*Id.*) I find a factual dispute exists as to the strength of the mark. "Waukesha Floral" is an undoubtedly geographically descriptive mark. I previously found that "Waukesha Floral & Greenhouse" lacked secondary meaning. Again, the plaintiff rests on these arguments to show that it is entitled to summary judgment as to likelihood of confusion. A trier of fact could reasonably conclude that Waukesha Floral's mark is not strong, thus making confusion due to the similarity of the defendants' marks less likely.

As to actual confusion, although evidence of actual confusion, if available, is entitled to substantial weight in the likelihood of confusion analysis, this evidence is not required to prove that a likelihood of confusion exists. *CAE, Inc.*, 267 F.3d at 685. Waukesha Floral does not dispute that it has no evidence of actual confusion; rather, the record establishes "several inferences of consumer confusion." (Pl.'s Br. at 16, Docket # 146.) Waukesha Floral presents the affidavit of Amy Gaylord, who has been employed by Waukesha Floral since 1996. (Affidavit of Amy Gaylord ("Gaylord Aff.") ¶ 2, Docket # 28.) Gaylord states that in the past fifteen years, she received twenty to thirty phone calls asking for "James

Possi." (*Id.* ¶ 3.) Gaylord further states that in the past few years, she received numerous phone calls asking for "Waukesha Florists." (*Id.* ¶ 4.)

Thomas Loppnow also testified that he has had customers call in the past that were confused. (T. Loppnow Dep. at 24.) He specifically testified that one of his best customers, Judie Couri, went to the phone book and saw Possi's listings and thought it was Waukesha Floral. (*Id.* at 24-25.) Martin Loppnow also testified that he had received calls asking whether they "were the one on Prairie Avenue," because the customer was trying to differentiate between Moreland (where the defendants' business is located) and Prairie Avenue "to make sure they've got the right one." (Feb. 27 Fernholz Decl. ¶ 3, Exh. C, Deposition of Martin Loppnow ("M. Loppnow Dep.") at 24-26, Docket # 149-3.) Martin Loppnow similarly testified that Judie Courie expressed confusion. (*Id.* at 25-26.) Waukesha Floral also puts forth evidence that it has received mail addressed to Possi and that Possi testified that he once received a call from a woman asking for "Waukesha Floral," and Possi provided the woman Waukesha Floral's phone number. (PPFOF ¶¶ 54-55; Defs.' Resp. ¶¶ 54-55.)

Although one instance of actual confusion has been deemed sufficient to weigh in favor of finding a likelihood of confusion, *see CAE, Inc.*, 267 F.3d at 686, the strongest evidence Waukesha Floral presents is in the form of testimony from an employee (Amy Gaylord) about phone calls she received from customers asking for "James Possi" or "Waukesha Florists." However, absent the identity of the speakers and the specific time-frame in which it was said, it is not entitled to great weight. *See id.* The Loppnows' testimony is similarly inexact and Waukesha Floral does not present an affidavit from this

customer, Judie Couri, regarding her alleged confusion. Again, a trier of fact could reasonably conclude that this factor weighs in favor of the defendants.

The defendants' intent factor looks primarily for evidence "that the defendants are attempting to 'pass off' their products as having come from the plaintiff." *Packman*, 267 F.3d at 644. While Waukesha Floral points to the parties' history, including a prior trademark infringement lawsuit, as evidence that the defendants intended to pass off their products as having come from Waukesha Floral, the defendants have presented evidence creating a genuine issue of material fact. Possi testified that his strategy for his 285 tradenames is to find the name of an affluent city and combine it with florist. (Possi Dep. at 179-80.) Possi testified that he registered the name "Florist in Waukesha WI" because he is "a florist. I am in Waukesha. I am a florist in Waukesha. Simple as that. And I will assume somebody will be looking for a flower shop in Waukesha . . . [n]ot to attack Waukesha Floral or Loppnows. Not to steal their business." (*Id.* at 149-50.) Thus, there is a question of material fact as to the defendants' intent.

"Whether consumers are likely to be confused about the origin of a defendant's products or services is ultimately a question of fact." *AutoZone*, 543 F.3d at 929. That question of fact may be resolved on summary judgment, "only if the evidence is so one-sided that there can be no doubt about how the question should be answered." *Id.* (internal quotation and citation omitted). This is not a case where the evidence is so one-sided that the issue of likelihood of confusion can be properly determined at the summary judgment stage. Thus, Waukesha Floral's motion for summary judgment is denied.

*5.*     *Damages*

The defendants moved for summary judgment on the grounds that Waukesha Floral has no viable evidence of damages. (Defs.' Br. at 15-25, Docket # 154.) Specifically, the defendants move to exclude the evidence of the plaintiff's damages expert, Curtis Reynolds. A district court's decision to exclude expert testimony is governed by Federal Rules of Evidence 702 and 703, as construed by the Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). I will set a separate scheduling order for the parties to brief the defendants' *Daubert* challenge and the issue will be addressed at a later date.

## CONCLUSION

Both parties moved for summary judgment in this case. Waukesha Floral moved for summary judgment on its statutory and common law trademark infringement, tradename infringement, and unfair competition claims. Waukesha Floral's motion for summary judgment is denied. Specifically, I find a genuine issue of material fact as to whether there is a likelihood of confusion as to the defendants' alleged infringement of the plaintiff's registered trademark "Waukesha Floral." However, as the plaintiff has failed to meet its burden that its tradename, "Waukesha Floral & Greenhouse," has acquired secondary meaning, I will dismiss its causes of action related to the alleged infringement of "Waukesha Floral & Greenhouse."

The defendants also moved for summary judgment, arguing that the plaintiff's claims against Rice should be dismissed; that the plaintiff has no evidence of damages; and the plaintiff's causes of action fail due to the affirmative defenses of fair use, unclean hands, and laches. The defendants' motion for summary judgment is also denied. I find there is a

genuine issue of material fact as to whether Rice was doing business under the name Best Floral and thus was liable for any wrongdoings of the unincorporated business. I further find that the defendants' affirmative defenses of fair use, unclean hands, and laches fail as a matter of law.

Finally, although the defendants' challenge the plaintiff's damages expert under *Daubert*, this issue will be briefed and decided separately at a later date.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's motion for summary judgment (Docket # 145) is **DENIED**.

**IT IS FURTHER ORDERED** that the defendants' motion for summary judgment (Docket # 153) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's causes of action alleging infringement of the name "Waukesha Floral & Greenhouse" and the plaintiff's Wis. Stat. § 100.18 claim are **DISMISSED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to seal (Docket # 173) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to strike (Docket # 176) is **GRANTED**.

**FINALLY, IT IS ORDERED** that the clerk of court will contact the parties to set a telephone status conference for further scheduling in this matter.

Dated at Milwaukee, Wisconsin this 1st day of June, 2018.

BY THE COURT:

_s/Nancy Joseph_
NANCY JOSEPH
United States Magistrate Judge